IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GALEN HEALTH INSTITUTES, INC. d/b/a GALEN COLLEGE OF NURSING,<br><br>Plaintiff,<br><br>v.<br><br>PREMIERE GLOBAL SERVICES, INC.,<br><br>Defendant. | Case No. |

## VERIFIED COMPLAINT

Galen Health Institutes, Inc. d/b/a Galen College of Nursing ("Plaintiff" or "Galen") hereby files its Verified Complaint against Premiere Global Services, Inc. ("Defendant" or "PGS"), showing the Court as follows:

## PARTIES

1. Galen is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Louisville, Kentucky.

2. PGS is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 2475 Northwinds Parkway, Suite 200, Alpharetta, Georgia 30009. PGS may be served through its registered agent,

C T Corporation System, at 289 South Culver Street, Lawrenceville, Georgia, 30046.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and diversity of citizenship exists between Galen and PGS.

4. This Court has personal jurisdiction over PGS, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because PGS is a resident of Atlanta, Georgia.

## FACTUAL ALLEGATIONS

**A.  Galen's Misdirected Payments to Defendant.**

5. In a mistaken attempt to pay another entity's invoices, Galen issued Defendant PGS a payment in the amount of $84,925.95 (Check #138716) on or around September 16, 2021, and another payment in the amount of $124,947.97 (Check #141028) on or around November 11, 2021. True and accurate copies of the Checks are attached hereto as **Exhibit A**.

6. These payments, totaling $209,873.92, were intended for another entity, not Defendant Premiere Global Services, Inc.

7. The misdirected payments were purely the result of a clerical error in which PGS, a former vendor for Galen, was mistakenly selected as the payee from Galen's accounts payable system.

**B.  Defendant's Refusal to Return the Misdirected Payments.**

8. Upon discovering that the payments were mistakenly issued to PGS, Galen first notified PGS of the erroneous payments on November 19, 2021. True and accurate copies of the Email Communications between Galen and PGS are attached hereto as **Exhibit B**.

9. That same day, PGS emailed Galen to inquire where to return the payments, and Galen responded with the return address. *See id.*

10. Over five months later, on April 21, 2022, Galen followed up with PGS a second time for an update on the refund. PGS did not respond. *See id.*

11. Galen followed up with PGS a third time on August 10, 2022 for an update, to which PGS responded on August 16, 2022, stating that it would update Galen "with the refund date shortly" after meeting with the PGS executive team. *See id.*

12. After receiving no further communications from PGS regarding the refund, Galen reached out to PGS for a fourth time for an update on September 1, 2022, and for a fifth time on September 12, 2022. *See id.*

13. As a final effort to avoid unnecessary litigation and expense, Galen sent PGS a demand letter on October 27, 2022, for return of the payments. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit C**.

14. Despite Galen's repeated efforts—spanning almost twelve months—and while it has no legitimate claim to the money and would not be prejudiced by returning it, PGS has failed and refused to return any portion of the $209,873.92 Galen mistakenly paid to PGS.

## COUNT I – UNJUST ENRICHMENT

15. Galen incorporates the allegations contained in Paragraphs 1 through 14 of this Verified Complaint as though fully restated herein.

16. By reasons of the foregoing, PGS has been unjustly enriched at Galen's expense.

17. PGS is not entitled in equity and good conscience to profit from the above-described acts or omissions.

18. Accordingly, PGS is obligated to make restitution to Galen for the $209,873.92 PGS has received, retained or appropriated, plus pre- and post-judgment interest at the legally allowable rate.

## COUNT II – MONEY HAD AND RECEIVED

19. Galen incorporates the allegations contained in Paragraphs 1 through 14 of this Verified Complaint as though fully restated herein.

20. By reason of the foregoing, PGS has received money ($209,873.92) belonging to Galen.

21. PGS is not entitled in equity and good conscience to retain the money.

22. Accordingly, PGS is obligated to make restitution to Galen for the $209,873.92 PGS has received, retained or appropriated, plus pre- and post-judgment interest at the legally allowable rate.

## COUNT III – ATTORNEY'S FEES

23. Galen incorporates the allegations contained in Paragraphs 1 through 14 of this Verified Complaint as though fully restated herein.

24. Galen has repeatedly demanded and requested return of the misdirected payments from PGS for the $209,873.92 sought in this action.

25. PGS has failed and refused to honor or address those requests and demands.

26. PGS has acted in bad faith, has been stubbornly litigious, and has caused Galen unnecessary trouble and expense. Pursuant to O.C.G.A. § 13-6-11,

Galen is entitled to recover its expenses of litigation, including reasonable attorney's fees, from PGS.

## **PRAYER FOR RELIEF**

WHEREFORE, Galen prays that judgment be made and entered in its favor and against Defendant as follows:

a. This Court enter judgment in favor of Galen and against Defendant in the amount of $209,873.92 for return of the misdirected payments;

b. Attorney's fees as are appropriate pursuant to O.C.G.A. § 13-6-11;

c. Pre- and post-judgment interest at the legally allowable rate;

d. Such further relief as this Court deems just and proper.

Respectfully submitted this 17th day of November, 2022.

[signature on following page]

/s/ *S. Wade Malone*
S. Wade Malone
Georgia Bar. No. 468015
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW /
Suite 1700
Atlanta, GA 30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
E-Mail:
wade.malone@nelsonmullins.com

*Attorney for Plaintiff Galen Health Institutes, Inc. d/b/a Galen College of Nursing*

## CERTIFICATE OF COMPLIANCE

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the ***Verified Complaint*** complies with the font and point selections approved by the Court in Local Rule 5.1(C). The foregoing was prepared on computer using Times New Roman font (14 point).

Respectfully submitted this 17th day of November, 2022.

> */s/ S. Wade Malone*
> S. Wade Malone
> Georgia Bar No. 468015
> wade.malone@nelsonmullins.com

## **VERIFICATION**

PERSONALLY appeared before me the undersigned, who being first duly sworn, deposes and says: I am the Chief Financial Officer of Galen Health Institutes, Inc. I have read the VERIFIED COMPLAINT attached hereto. I know of my knowledge that the matters and things stated therein are true, except those matters and things therein stated on information and belief, and as to those, I believe them to be true.

_____
Joseph R. Peters

Sworn to and subscribed before me

This 14th day of November 2022,

_____
Notary Public for Kentucky

My commission expires 11/20/23

[Notary Seal: JENNIFER E. GREEN, NOTARY PUBLIC, Comm. # 632602, COMMISSION EXPIRES 11/20/2023, COMMONWEALTH OF KENTUCKY]

8